UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Blake L. Anderson,<br>Petitioner<br>v.<br>Attorney General, *et al.,*<br>Respondents. | Case No. 3:18-cv-00502-HDM-WGC<br><br>Order |

This is a newly-filed habeas corpus action. On October 22, 2018, the petitioner, Blake L. Anderson, a Nevada prisoner acting *pro se*, submitted for filing a petition for writ of habeas corpus (ECF No. 1-1), a request for leave of court to file additional pages (ECF No. 1-2), a proposed order shortening time for response to the petition (ECF No. 1-3), and a financial certificate (ECF No. 1-4). Anderson appears to seek relief from this Court in relation to a state-court criminal proceeding, in which a judgment of conviction was recently entered against him, and in which there is currently an appeal from that conviction pending. Anderson states that he seeks "mandamus relief."

This action has not been properly commenced because Anderson has not paid the $5 filing fee and he has not filed an application to proceed *in forma pauperis*. Anderson filed a financial certificate (ECF No. 1-4); he has not, however, filed an application to proceed *in forma pauperis* as required under the Court's local rules. *See* LSR 1-1, 1-2. Therefore, this action will be dismissed without prejudice to the filing of a new petition in a new action with either payment of the filing fee ($5) or a proper application to proceed *in forma pauperis*.

1

Petitioner is advised, however, that this Court's ability to intervene in a state criminal proceeding and/or set aside a state court's judgment of conviction is limited by the exhaustion doctrine and the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). To satisfy the exhaustion requirement, a claim brought in this Court must have been fairly presented to the state courts completely through to the highest court available. *See*, *e.g.*, *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). Under the abstention doctrine, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See*, *e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED**, without prejudice to the petitioner filing of a new habeas petition in a new action with either payment of the filing fee or a properly completed application to proceed *in forma pauperis*.

**IT IS FUTHER ORDERED** that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that The Clerk of the Court is instructed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send the petitioner two copies each of the form for an application to proceed *in forma pauperis* for a prisoner, and the form for a noncapital petition for writ of habeas corpus, and one copy of the instructions for each form.

DATED THIS 1st day of November, 2018.

_____
HOWARD D. MCKIBBEN,
UNITED STATES DISTRICT JUDGE