# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Blake L. Anderson,<br>Petitioner<br>v.<br>Attorney General, *et al.,*<br>Respondents. | Case No. 3:18-cv-00502-HDM-WGC<br><br>Order |

On October 22, 2018, the *pro se* petitioner in this habeas action, Blake L. Anderson, submitted for filing a petition for writ of habeas corpus (ECF No. 1-1), a request for leave of court to file additional pages (ECF No. 1-2), a proposed order shortening time for response to the petition (ECF No. 1-3), and a financial certificate (ECF No. 1-4). Anderson appears to seek relief from this Court in relation to a state-court criminal proceeding, in which a judgment of conviction was recently entered against him, and in which there is currently an appeal from that conviction pending.

The Court summarily dismissed this action on November 1, 2018, because Anderson had not paid the $5 filing fee and did not file an application to proceed *in forma pauperis*, and judgment was entered accordingly. *See* Order entered November 1, 2018 (ECF No. 3); Judgment (ECF No. 4).

The next day, November 2, 2018, the Court received payment of the $5 filing fee (ECF No. 5). The Court also received from Anderson a motion requesting that the Court shorten the time for the respondents to respond to his petition (ECF No. 6), a "Notice of Joinder in State Court" (ECF No. 7), a "Notice of Conflict of Interest in Appellate

Counsel Representation in the Nevada Supreme Court (ECF No. 8), and a "Notice of Respondents' Failure to File Points and Authorities in Opposition" (ECF No. 9).

In view of Anderson's payment of the filing fee just one day after the case was dismissed for nonpayment of the fee, the Court will, *sua sponte*, grant Anderson relief from the judgment entered on November 1, 2018, and will vacate that judgment.

The petition, then, is before this Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

It appears likely that Anderson's petition is wholly unexhausted in state court, is barred by the abstention doctrine represented by *Younger v. Harris*, 401 U.S. 37 (1971), and is subject to dismissal without prejudice on those grounds. The Court will grant Anderson an opportunity to show cause in writing why this action should not be dismissed without prejudice on one or both of those grounds.

A state prisoner appealing for habeas corpus relief in federal court must first exhaust available state court remedies before presenting his claims in the federal court. To satisfy the exhaustion requirement regarding a claim, the claim must have been fairly presented to the state courts completely through to the highest state court available. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee he believes has been violated, and he must state the facts that he claims entitle him to relief on the federal constitutional claim. *See, e.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, the petitioner must present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

It appears that Anderson's direct appeal is currently pending, and that he has yet to initiate a state habeas action. As such, despite the pre-trial mandamus petition Anderson apparently pursued unsuccessfully in the Nevada Supreme Court, it is likely that he has not exhausted any federal constitutional claim relative to his judgment of conviction, and that this federal habeas corpus action is premature. Accordingly, Anderson will be required to show cause why this action should not be dismissed because of his failure to exhaust any claim in state court.

Turning to the issue of *Younger* abstention, even when claims in a federal habeas petition have been fully exhausted in state court, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See*, *e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85. This rule of restraint, grounded on principles of comity, stems from the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). Under the rule, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances. As it appears that Anderson's direct appeal is pending, his conviction is not yet final. Therefore, this federal habeas action is an attempt to have this federal court intervene in a pending state criminal proceeding. Anderson must show cause why this action should not be dismissed without prejudice under the *Younger* abstention doctrine.

The Court will deny the request for leave to file additional papers (ECF No. 1-2), as it is unnecessary and moot. Anderson's habeas petition will be filed.

The Court will deny the motion requesting that the Court shorten the time for the respondents to respond to the habeas petition (ECF No. 6). The respondents have not yet appeared in this case, and, at any rate, there is no good cause shown to shorten the time for the respondents' response when and if they do appear.

**IT IS THEREFORE ORDERED** that the judgment entered November 1, 2018 (ECF No. 4) is **VACATED**.

1 | **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to separately file the habeas petition (ECF No. 1-1), the request for leave to file additional papers (ECF No. 1-2), the proposed order (ECF No. 1-3), and the financial certificate (ECF No. 1-4).

**IT IS FURTHER ORDERED** that the request for leave to file additional papers (ECF No. 1-2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motion requesting that the Court shorten the time for the respondents to respond to the habeas petition (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that, within 45 days from the date of this order, the petitioner must file a "Response to Order to Show Cause," showing cause: (a) why this action should not be dismissed without prejudice because of the petitioner's failure to exhaust his claims in state court, and (b) why this action should not be dismissed without prejudice under the *Younger* abstention doctrine. The petitioner's showing must be factually detailed, and must, where possible, be supported by exhibits.

**IT IS FURTHER ORDERED** that, if the petitioner does not timely and fully respond to this order, by filing a response to the order to show cause as required, this action will be dismissed without prejudice.

DATED THIS 5th day of November, 2018.

_____
HOWARD D. MCKIBBEN,
UNITED STATES DISTRICT JUDGE