UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BLAKE L. ANDERSON,

    Petitioner,

v.

ATTORNEY GENERAL, *et al.*,

    Respondents.

Case No. 3:18-cv-00502-HDM-WGC

ORDER

In this habeas corpus action, on November 5, 2018, the Court screened the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* Order filed November 5, 2018 (ECF No. 11).

In his petition, the petitioner, Blake L. Anderson, states that his direct appeal from his judgment of conviction is still pending. *See* Petition for Writ of Habeas Corpus (ECF No. 12). Therefore, the Court determined that it is likely that this federal habeas corpus action is premature, and the Court ordered Anderson to show cause why this action should not be dismissed because of his failure to exhaust any claim in state court, and because this action is barred by the *Younger* abstention doctrine. *See* Order filed November 5, 2018 (ECF No. 11).

A state prisoner appealing for habeas corpus relief in federal court must first exhaust available state court remedies before presenting his claims in the federal court. To satisfy the exhaustion requirement regarding a claim, the claim must have been fairly presented to the state courts completely through to the highest state court available. *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee he believes has been violated, and

he must state the facts that he claims entitle him to relief on the federal constitutional claim. *See, e.g.*, *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, the petitioner must present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *See, e.g.*, *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Even when claims in a federal habeas petition have been fully exhausted in state court, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85. This rule of restraint, grounded on principles of comity, stems from the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). Under the rule, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

Anderson responded to the Court's November 5 order on November 17, 2018 (ECF No. 17). In that filing, Anderson makes no showing that he has exhausted any claim in state court relative to the judgment of conviction that he challenges in this case. Furthermore, Anderson does not show that he has completed the direct appeal from the judgment of conviction, that the judgment of conviction is final, or that this action is not barred by the *Younger* abstention doctrine.

The Court concludes, from Anderson's petition, and from his response to the November 5 order, that this action is premature, that Anderson's petition is wholly unexhausted in state court, and that this action is barred by the *Younger* abstention doctrine. This action will be dismissed, without prejudice to Anderson initiating a new federal habeas corpus action after the judgment of conviction is final, and after he has exhausted his claims in state court.

**IT IS THEREFORE ORDERED** that the petitioner's Request for Submission (ECF Nos. 18, 20) and Request for an Order Shortening Time (ECF No. 19) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FUTHER ORDERED** that a certificate of appealability is denied, as jurists of reason would not find the Court's dismissal of this action to be debatable or incorrect.

**IT IS FURTHER ORDERED** that The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 27th day of December, 2018.

_Howard D. McKibben_
HOWARD D. MCKIBBEN,
UNITED STATES DISTRICT JUDGE